Davis Drake, Talley & Associates, and Lerch Bates, which, upon information and belief, require future payments by or to the Company of more than $100,000 in any year not provided in the Turtle Creek Project Budget without the prior written approval of Plaintiff; (vi) permitting JMJ to occupy space in the Turtle Creek Project without the written approval of Plaintiff; (vii) failing to provide access to the books and records of Five Star GM; and (viii) failing to cooperate with Plaintiff in exercising its Sale Right.

45. Defendants' breach caused injury to Plaintiff, which resulted in actual damages and the inability to proceed with effecting the sale of the Turtle Creek Project.

**COUNT 3 – BREACH OF FIDUCIARY DUTY**

46. The allegations above are incorporated herein by reference as if set forth in this Count.

47. Defendants, as the Managers of the Company and Five Star GM, owed fiduciary duties to Plaintiff.

48. Defendants breached their fiduciary duty of loyalty to Plaintiff and Five Star GM by engaging in self-dealing when they permitted JMJ to occupy space at the Turtle Creek Project without first obtaining written approval from Plaintiff.

49. Defendants' breach of their fiduciary duty of loyalty has injured Plaintiff and Five Star GM.

50. Defendants' breach of their fiduciary duty of loyalty to Plaintiff and Five Star GM benefited Defendants by providing free office space for an affiliate of Barton at the detriment to Plaintiff and Five Star GM.

51. Accordingly, Plaintiff seeks damages within the jurisdictional limits of this Court.

**COUNT 4 – FRAUD**

52. The allegations above are incorporated herein by reference as if set forth in this

Count.

53. Defendants failed to disclose material facts related to the financially distressed nature of the Turtle Creek Project.

54. Defendants had a duty to disclose the information to Plaintiff because Defendant had a fiduciary relationship with Plaintiff.

55. The information was material because Plaintiff entered into subsequent real estate investment transactions with Defendants, including one involving a proposed hotel and condominium project in Frisco, Texas.

56. Defendants knew Plaintiff was ignorant of the information and did not have an equal opportunity to discover the truth as Defendants controlled all of the books and records for Five Star GM.

57. Defendants deliberately remained silent and did not disclose the information to Plaintiff.

58. By deliberately remaining silent, Defendants intended for Plaintiff to enter into subsequent real estate investment transactions without information of the impending default by the Company and Five Star GM on the Unreturned Priority Capital.

59. Plaintiff justifiably relied on Defendants' deliberate silence and believed that the Turtle Creek Project and Five Star GM were financially secure.

60. By deliberately remaining silent, Defendants proximately caused injury to Plaintiff, which resulted in damages to Plaintiff.

61. Plaintiff seeks damages within the jurisdictional limits of this Court.

**COUNT 5 – ATTORNEY'S FEES**

62. The allegations above are incorporated herein by reference as if set forth in this Count.

63. Pursuant to Section 37.009 and Section 38.001 of the Texas Civil Practice and Remedies Code, Plaintiff claims reasonable attorney's fees, both in the trial of this cause and in connection with any subsequent appeal, as are equitable and just.

64. Further, Plaintiff is entitled to recover reasonable attorney fees under the provisions of the Company Agreements. *See* Ex. A at §§ 10.12, 10.14, Ex. B at § 18.08.

## VI. APPLICATION FOR TEMPORARY RESTRAINING ORDER

65. Injunctive relief may be granted upon the showing of the following: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002).

66. As shown above, Plaintiff has shown that it has various causes of action against Defendants and a probable right to the relief sought in this lawsuit.

67. As a result of the Defendants' wrongful acts in violating the Company Agreements in numerous material respects, including but not limited to, the refusal to provide Plaintiff with access to books and records and information and material related to the Turtle Creek Project to which Plaintiff is entitled, Plaintiff is threatened with probable, imminent and irreparable injury to its investment in the Turtle Creek Project in amounts that currently cannot be calculated. Without access to books and records of Five Star GM and the Company and the information and documents related to the Turtle Creek Project, Plaintiff is effectively prohibited from exercising its Sale Right remedy. Thus, Plaintiff has no adequate remedy at law and the requested injunctive relief is appropriate. Alternatively, and in addition, Plaintiff need not establish an inadequate remedy at law because the irreparable injury complained of relates Plaintiff's interest in the Turtle Creek Project, which is real property. *See* Tex. Civ. Prac. & Rem Code § 65.011(5).

68. Pursuant to Texas Rule of Civil Procedure 684, Plaintiff is able and willing to post a bond in this matter and request that the Court determine a fair and reasonable amount of security

to be given by Plaintiff for the protection of Defendants in the event the Temporary Restraining Order is wrongfully issued and results in harm to the Defendants. However, Plaintiff respectfully requests that the bond should have a nominal face value.

69. Plaintiff's Application for Temporary Restraining Order and Temporary Injunctive Relief is verified by the attached Unsworn Declaration of Joaquin de Monet, which is attached hereto as Exhibit H.

70. Specifically, Plaintiff requests that the Court enter a Temporary Restraining Order ordering Defendants Five Star MM, LLC and Timothy Barton and those persons in active concert or participation with them who receive actual notice of the order, to desist and refrain from, either directly or indirectly through others:

a. Preventing or obstructing Palisades TC, LLC from obtaining access to the following:

i. Any contracts or any other written agreements with any party related to the Turtle Creek Project, including but not limited to, Mandarin Hotel Group, SLS Consultants, FAB Studio, Studio Munge, Alvine Engineering, Brockette Davis Drak, Tally & Associates, and Lerch Bates (the "Turtle Creek Project Contracts"). Barton and Five Star MM shall immediately provide access to Palisades TC, LLC to all Turtle Creek Project Contracts;

ii. The monthly financial reports from September 2019 – March 2020 that are required under Section 7.03 of the Five Star MM Company Agreement which shall include all expenses and income of Five Star MM for the calendar month and balance sheet as of the last day of the calendar month detailing all assets and liabilities of Five Star MM and the Capital Accounts of each Member (the Monthly Five Star MM Financial Reports"). Barton and Five Star MM shall immediately provide access to Palisades TC, LLC to all of the Monthly Five Star MM Financial Reports;

iii. The monthly management reports from September 2019 – March 2020 that are required under Section 12.03(a)(i) of the Five Star GM Company Agreement which shall include all progress reports on development activity regarding the Turtle Creek Project and a report detailing expenditures pursuant to the Turtle Creek Project Budget including any variations from same (the Monthly Five Star GM

Management Reports"). Barton and Five Star MM shall immediately provide access to Palisades TC, LLC to all of the Monthly Five Star GM Management Reports;

iv. The monthly financial statements of Five Star GM from September 2019 – March 2020 that are required under Section 12.03(a)(ii) of the Five Star GM Company Agreement which shall include (A) a balance sheet as of the end of the such month and an income statement for such month prepared in accordance with the standard accounting principles of the Manager and the amount of unreturned Capital Contributions of each Member, and (B) a cash flow statement for such month (the Monthly Five Star GM Financial Statement"). Barton and Five Star MM shall immediately provide access to Palisades TC, LLC to all of the Monthly Five Star GM Financial Statements;

v. The annual financial statement of Five Star GM for 2019 that is required under Section 12.03(a)(iii) of the Five Star GM Company Agreement which shall include (A) a balance sheet as of the end of such calendar year, prepared in accordance with the standard accounting principles of the Manager, (B) a cash flow statement for such calendar year, (C) the amount of unreturned Capital Contributions of each Member as of the last day of such calendar year, and (D) a summary report describing in reasonable detail the financial and business activities of the Company during such calendar year (the Annual Five Star GM Financial Statement"). Barton and Five Star MM shall immediately provide access to Palisades TC, LLC to the Annual Five Star GM Financial Statement;

vi. Copies of any notices of default under any loan including, without limitation, under the Loan Documents as required under Section 12.03(b) of the Five Star GM Company Agreement (the "Loan Default Notices"). Barton and Five Star MM shall immediately provide access to Palisades TC, LLC to Loan Default Notices;

vii. All agreements, including but not limited to, any lease agreements or license agreements with JMJ Development LLC or any Affiliate of Timothy Barton to occupy space at the Turtle Creek Project (the "Barton Affiliate Lease Agreements"). Barton and Five Star MM shall immediately provide access to Palisades TC, LLC to any Barton Affiliate Lease Agreements;

viii. Pursuant to Section 7.02 of the Five Star MM Company Agreement and Section 18-305 of the Delaware Limited Liability Company Act, all information that Palisades TC, LLC is entitled to as a Member of Five Star MM (the "Five Star MM Books and Records"). Barton and Five Star MM shall immediately provide access to

Palisades TC, LLC to the Five Star MM Books and Records;

ix. Pursuant to Section 12.01 of the Five Star GM Company Agreement and Section 18-305 of the Delaware Limited Liability Company Act, all information that Palisades TC, LLC is entitled to as a Class A Member of Five Star GM (the "Five Star GM Books and Records"). Barton and Five Star MM shall immediately provide access to Palisades TC, LLC to the Five Star GM Books and Records; and

x. Any notices, citations or other enforcement correspondence from any State or local governmental entity related to the Turtle Creek Project (the "Turtle Creek Project Notices and Citations"). Barton and Five Star MM shall immediately provide access to Palisades TC, LLC to the Turtle Creek Project Notices and Citations.

b. Undertaking any action with respect to or on behalf of Five Star MM or Five Star GM or with respect to or on behalf of Five Star TC, LLC, MO 2999TC MZ, LLC, MO 2999TC, LLC, and 2999 TC Acquisitions without the prior written approval of Palisades TC, LLC.

## VII. APPLICATION FOR TEMPORARY INJUNCTION

71. Plaintiff restates and incorporates the allegations contained in the preceding paragraphs.

72. Upon notice and hearing, Plaintiff requests that the Court enter a temporary injunction extending the temporary restraining order until final judgment is entered in this lawsuit.

## VIII. JURY DEMAND

73. Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

## IX. CONDITIONS PRECEDENT

74. All conditions precedent to Plaintiff being entitled to bring this action and recover the relief requested herein have been performed, have occurred, or have been waived.

## X. REQUEST FOR DISCLOSURE

75. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XI. PRAYER

76. For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendants, jointly and severally, for the following:

a. Temporary restraining order;

b. Temporary injunction;

c. Permanent injunction;

d. Actual damages;

e. Pre-judgment and post-judgment interest;

f. Court costs; and

g. All other relief to which Plaintiff is entitled.

Dated: April 22, 2020

Respectfully submitted,

WINSTEAD PC

By:/s/ Kasey Ratliff
Kasey Ratliff
kratliff@winstead.com
LaCrecia Perkins
lperkins@winstead.com

2728 N. Harwood Street
Suite 500
Dallas, TX 75201
Telephone: 214.745.5400
Facsimile: 214.745.5390

**ATTORNEYS FOR PLAINTIFF PALISADES TC, LLC**

4817-7810-9114v.1

# Exhibit C

PALISADES TC LLC
1919 McKinney Ave., Suite 100
Dallas, Texas 75201

March 20, 2020

*VIA FEDEX OVERNIGHT MAIL*

ATTN: Timothy Barton, President
Dallas Real Estate Investors, LLC
1755 Wittington, Suite 340
Dallas, Texas 75234

Re: Company Agreement dated January 29, 2020 (the "**Company Agreement**") of Dallas Real Estate Lenders, LLC, a Delaware limited liability company (the "**Company**"). All capitalized terms used herein that are not specifically defined herein shall have the meanings provided in the Company Agreement.

Mr. Barton:

You are the President of Dallas Real Estate Investors, LLC, a Delaware limited liability company ("**DREI**") which is a Member of the Company, and which under Section 2.08 of the Company Agreement, has responsibility for day-to-day management of the Company.

This letter is provided as notice that (i) a Redemption Default has occurred pursuant to Sections 5.04(a)(iii), (iv) and (v) of the Company Agreement, and (ii) the Company may be in default with respect to other obligations to Palisades under the Company Agreement (collectively, the "**Prior Actions**").

Palisades, on behalf of itself and on behalf of its successors, assigns, affiliates, owners, directors, officers, employees, parents, subsidiaries, principals, agents, members, managers, administrators, legal representatives, insurers and attorneys (collectively, the "**Reserving Parties**"), hereby reserves all rights, benefits, remedies and claims available under the Company Agreement and all other rights, benefits, remedies and claims at law, in equity or in contract that are available to the Reserving Parties (including, without limitation, for recovery of any penalties, interest and other charges imposed on the Reserving Parties) arising out of, relating to or in connection with the Prior Actions. This letter shall in no way be deemed to impair, limit or waive, any of the rights, benefits, remedies, or claims that any of the Reserving Parties may have against DREI, as the day-to-day Manager of the Company, the Company or any affiliates, constituent owners, partners, members, officers, directors, agents and representatives thereof.

Additionally, the description herein of the Prior Actions shall not be to the exclusion of any other defaults or breaches now existing or hereafter occurring under the Company

Agreement or any other documents. Furthermore, the description herein of the specific rights of the Reserving Parties shall not be deemed to limit or exclude any other rights to which the Reserving Parties may be or become entitled under the Company Agreement or any other documents, at law, in equity or otherwise.

Any past inaction or delay in exercising any of such rights, benefits, remedies or claims, shall not be deemed a course of dealing between the parties, and DREI and the Company are not entitled to rely upon the Reserving Parties continuing to refrain from taking any of such rights, benefits, remedies or claims as may be otherwise available to the Reserving Parties. The Reserving Parties hereby advise DREI and the Company that the Reserving Parties specifically reserve all such rights, benefits, remedies and claims with respect to any and all prior failures of DREI and the Company to strictly comply with the Company Agreement or any other documents, and with respect to any present or future breaches or defaults by DREI and the Company with any of the terms, covenants and conditions contained in the Company Agreement or any other documents, and that any single or partial exercise of any of such rights, benefits, remedies and claims shall not preclude any other or further exercise of any available rights, benefits, remedies and claims.

Sincerely,

PALISADES TC LLC

By: ______________________________
Joaquin Charles de Monet, Manager

# Exhibit D

WINSTEAD

Austin Charlotte Dallas Fort Worth Houston New York San Antonio The Woodlands

2728 N. Harwood Street
Suite 500
Dallas, TX 75201

214.745.5400 OFFICE
214.745.5390 FAX
winstead.com

Ratliff, Kasey
direct dial: 214-745-5339

April 8, 2020

**Via Facsimile, FedEx and Email (tbarton@jmjdevelopment.com)**

Timothy Barton, President
Dallas Real Estate Investors,
LLC
1755 Wittington, Suite 340
Dallas, Texas 75234

**Re:** Company Agreement dated January 29, 2020 (the "**Company Agreement**") of Dallas Real Estate Lenders, LLC, a Delaware limited liability company (the "**Company**").

Dear Mr. Barton:

This Firm represents Palisades TC, LLC ("Palisades") in connection with its Membership Interest in the Company. We are writing to you as the President of Dallas Real Estate Investors, LLC ("DREI") which is the Manager of the Company. All capitalized terms used herein that are not specifically defined herein shall have the meanings provided in the Company Agreement.

As you are aware, on March 20, 2020, Palisades sent you notice of various actual and potential defaults under the Company Agreement (the "Default Notice"). Since receiving the Default Notice, the Company has failed to cure the defaults specified in the Default Notice within the time period prescribed by the Company Agreement. Based on Barton's actions with respect to his role as the Manager of Five Star MM, LLC which is the Managing Member and Manager of Five Star GM, LLC, my client has grave concerns that Barton and DREI have engaged and are currently engaging in a course of improper conduct that has breached their fiduciary duties to the Company, the Members, and Palisades and have materially breached the Company Agreement.

Palisades therefore has claims against Barton, DREI, and the Company on a direct and/or derivative basis for breach of the Company Agreement and for the violation of their fiduciary duties to the Company and to Palisades. In response to Barton's, DREI's, and the Company's misconduct, we have been directed by Palisades to take all steps necessary to protect and enforce its legal and equitable rights under the Company Agreement, and under Delaware law, including by filing a lawsuit against Barton, DREI, and the Company in state district court in Dallas County if the material breaches described in this letter are not cured by Barton, DREI, and the Company on or before 5:00 p.m. (Central Time) on Monday, April 13, 2020.

**April Payment Redemption Default**

As you are aware, the purpose of the Company is to manage and own 100% of the membership interests in FHC Acquisition, LLC, a Texas limited liability company ("FHC") or such other investments (whether debt, equity or any combination thereof) (FHC and any other entity owning a Project, an "OpCo") as determined and approved by the Voting Members for the sole purposes of acquiring and developing real property and improvements thereon (a "Project"). The initial Project is that certain real property described as "Lot 13, Block A, The Gate, an addition to the City of Frisco, Collin County, Texas, according to the plat thereof recorded in Volume 2019, Page 275, Plat Records, Collin County, Texas" ("Frisco Property") and the development of a mixed use project located thereon which is planned to include a luxury hotel, residences, restaurant, and retail components ("Frisco Project" or "Project").

Palisades contributed $3,500,000.00 as a Capital Contribution to the Company (the "Priority Capital") which is to be paid before any other distributions to the Members and which earns a Base Return or, if applicable the Default Return. Pursuant to Section 5.04(a) of the Company Agreement, a Redemption Default has occurred, including, without limitation (a) under Section 5.04(a)(iii) of the Company Agreement as a result of the breach(es) by any member or manager other than Palisades of its obligations under the Amended and Restated Company Agreement of Five Star MM, LLC dated September 16, 2019 (the "MM Company Agreement"); (b) under Section 5.04(a)(iv) of the Company Agreement as a result of the breach(es) by any member or manager other than Palisades of its obligations under the Company Agreement of Five Star GM, LLC dated September 16, 2019 (the "GM LLC Agreement"); and (c) under Section 5.04(v) of the Company Agreement as a result of the occurrence of a "Redemption Default" (as such terms is defined in the GM LLC Agreement). Further, the Company has failed to cure the Redemption Default in the time period prescribed by the Company Agreement following notice of default from Palisades.

Additionally, Palisades' Unreturned Priority Capital earns a Base Return due on the first day of each month which is equal to nine percent (9%) per annum accrued on the Unreturned Priority Capital. However, a Default Return equal to fourteen percent (14%) per annum on Palisades Unreturned Priority Capital shall apply immediately at such times as any Base Return is not distributed on the due date thereof and the Default Return shall accrue in lieu of such Base Return not timely distributed. As you are aware, DREI failed to cause the Company to timely distribute the Base Return to Palisades which was due on or before April 1, 2020 (the "April Payment Redemption Default"). As a result of the April Payment Redemption Default, the Default Return applies to the payment which was due on April 1, 2020 and which currently remains outstanding (the "April Default Return Payment").

**Demand to the Company for Capital Call, Reservation of Palisades' Sale Right and Demand for Payment**

Pursuant to Section 5.04(b) of the Company Agreement, and based on the occurrence of a Redemption Default described in Section 5.04(a)(i) of the Company Agreement, Palisades hereby exercises its right to require DREI to request an additional Capital Contribution from the Members other than Palisades in an amount sufficient to bring Palisades current on the distributions to which it is entitled pursuant to Section 5.02(a)(i) **no later than 5:00 p.m. (Central time), Monday April**

 ATTORNEYS

**13, 2020 (the "Demand Due Date").** Additionally, based on the occurrence of a Redemption Default, Palisades reserves all of its rights pursuant to Section 2.09 of the Company Agreement to act on behalf of the Company to market and cause the sale of the Frisco Project.

This letter constitutes formal notice of the April Payment Redemption Default. DEMAND to Barton, DREI, and the Company is hereby made for payment no later than 5:00 p.m. (Central time), on the Demand Due Date of the April Default Return Payment. As of April 8, 2020, the outstanding balance of the April Default Return Payment is $52,356.16. Please contact Joaquin de Monet at Palisades Capital Realty Advisors to determine the total payoff amount due as of any date of payment. He may be reached by phone at (214) 613-0281 or by email: jdemonet@palisadescapitalrealty.com.

**Redemption Default Based on Material Breaches of the Company Agreement and Demand for Documents**

As you were notified in the Default Notice, the Company has failed to timely provide any of the monthly financial reports that are required under Section 7.03 of the Company Agreement which shall include all expenses and income for the Company for the calendar month and balance sheet as of the last day of the calendar month detailing all assets and liabilities of the Company and the Capital Accounts of each Member. These various breaches of the Company's obligations under the Company Agreement are also each a Redemption Default under Section 5.04(a)(vii) of the Company Agreement.

Palisades demands that you produce the monthly financial reports from January 2020 through March 2020 that are required under Section 7.03 of the Company Agreement no later than the Demand Due Date.

You are hereby further reminded of Section 2.08 of the Company Agreement and the limitations therein that are placed on DREI's ability to undertake certain actions with respect to the Company or on behalf of the Company with respect to any OpCo, the Frisco Project or any other Project without the prior written approval of Palisades. These actions include but are not limited to (i) entering into, amending, modifying, terminating or canceling any property management agreement with any person for management and leasing of the Project (Section 2.08(e)); (ii) entering into, amending, modifying, terminating or canceling any contract, lease, loan agreement, letter of credit, mortgage, note, guaranty of indebtedness or other instrument evidencing indebtedness that requires future payments by or to the Company or any OpCo of more than $100,000 in any year except as provided in the Project Budget (Section 2.08(g)); and (iii) entering into, modifying, amending or terminating any agreement with a hotel management company or hotel franchise agreement for the Frisco Property or any portion thereof (a "Hotel Agreement")(Section 2.08(gg)). You are instructed not to undertake any of the actions specified in Section 2.08 of the Company Agreement, including those specifically enumerated in this letter.

**Books and Records Request to the Company**

Pursuant to Section 7.02 of the Company Agreement, and Section 18-305 of the Delaware Limited Liability Company Act, Palisades requests access to and the right to inspect and copy the

books and records of the Company. Specifically, Palisades requests access to and will copy the following records for the Company:

*pursuant to Section 18-305 of the Delaware Limited Liability Company Act, all information that Palisades is entitled to pursuant to Section 18-305 as a Member of the Company;

*balance sheets by month from January 1, 2020 through the present day;

*profit and loss statements by month from January 1, 2020 through the present day; and

*cash flow statements by month from January 1, 2020 through the present day.

*Information and documents regarding the Project, including but not limited to (i) any agreements with any contractor, supplier, vendor or other third party related to the Project along with contact information for all such parties, (ii) any correspondence with lenders, including but not limited to any default notices, and (iii) any notices, citations or other correspondence from any State or local governmental entity related to the Project.

Palisades is seeking this information because it wants to ensure that it has the most current understanding and status of its substantial financial investment in the Company and an accurate understanding of the business transactions of the Company. Additionally, and as previously noted, Palisades is also contractually allowed access to such information. Further, DREI is obligated to cooperate and shall cause the Company to cooperate with Palisades to accomplish a sale of the Project in the event that Palisades elects to exercise its Sale Right pursuant to Section 2.09 of the Company Agreement. The requested information is essential to Palisades' analysis related to a potential exercise of its Sale Right.

On behalf of Palisades, we request that the documents responsive to this books and records request be made available for inspection by my law firm and/or other professionals hired by Palisades. We request that these materials be produced in an electronic (PDF) format and they can be uploaded for our review in a Dropbox or other, similar manner. If you have any questions along these lines, please let us know. In addition, Palisades reserves the right to seek these files in other formats as necessary to permit a prompt review to be made of the requested material.

Please be advised that if by Monday, April 13, 2020 at 5:00 p.m. (1) Palisades has not received the April Default Return Payment, or (2) Palisades has not received the monthly financial reports that are required under Section 7.03 of the Company Agreement, or (3) Palisades has not been provided access to and the right to inspect and copy the books and records of the Company as demanded herein, Palisades shall promptly file suit against Barton, DREI, and the Company requesting that Barton and DREI be removed and replaced from their respective roles as President of DREI and Manager of the Company, and seeking damages, costs, and legal fees, and to enforce all of Palisades' rights under the Company Agreement, and under Delaware law. In such event, Palisades will also take immediate steps to procure a Brokers' Opinion of Value for the Project related to the potential exercise of its Sale Right pursuant to Section 2.09 of the Company Agreement.

In addition to the forgoing, Palisades demands that Barton, DREI, the Company, and JMJ preserve, and not alter in any way, any evidence, wherever it may be found—including any personal or work-related mobile phones or personal computers—regarding the above-referenced claims by Palisades, events, and potential parties (including any officers, directors, employees, or affiliated entities of the parties). This request for the preservation of evidence to Barton, DREI, the Company, and JMJ includes all voicemails, emails, text messages, time sheets, meeting agendas and notes, telephone records and call logs, expense reports, notes, letters, and all other relevant documents, which are maintained by Barton, DREI, the Company, and JMJ. Barton, DREI, the Company, and JMJ have a duty to preserve such evidence, and the failure to do so can result in sanctions.

By this letter, Palisades reserves all rights and remedies against Barton, DREI, the Company and any of their members, officers, directors, or affiliated entities, including the right to assert additional claims against those parties and to seek additional relief and/or amounts from you or those parties in addition to the claims set forth above. We look forward to your prompt response.

Sincerely,

M. Kasey Ratliff

cc: Mark Adams, *Via Email* (madams@jmjdevelopment.com)
Joaquin de Monet, *Via Email*
Brent Clifton, *Of the Firm*

# Exhibit E

**Unsworn Declaration § 132.001 Tex. Civ. Prac. & Rem. Code**

"My name is Joaquin Charles de Monet. My date of birth is August 29, 1964 and my business address is 1919 McKinney Avenue, Suite 100, Dallas, Texas 75201. I am Manager for Plaintiff Palisades TC, LLC. I declare under the penalty of perjury that in my capacity as Manager of Plaintiff Palisades TC, LLC, I have personal knowledge that the grounds and basis for which the Temporary Restraining Order is sought are true and correct. I have read the above and foregoing Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction, and the factual statements contained therein are within my personal knowledge and are true and correct."

Executed in Dallas County, State of Texas, on this 22nd day of April, 2020.

Joaquin de Monet, Declarant

4838-2235-0978v.1
61993-1 2/22/2019

FILED
9/3/2020 5:55 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Treva Parker-Ayodele DEPUTY

**Cause No. DC-20-06005**

| | | |
|---|---|---|
| **PALISADES TC, LLC, INDIVIDUALLY, AND ON BEHALF OF DALLAS REAL ESTATE LENDERS, LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **DALLAS REAL ESTATE INVESTORS, LLC AND TIMOTHY BARTON, INDIVIDUALLY,** | § | |
| | § | |
| **DEFENDANTS.** | § | **298TH JUDICIAL DISTRICT** |

**DEFENDANT DALLAS REAL ESTATE INVESTORS, LLC'S ANSWER**

COMES NOW Defendant Dallas Real Estate Investors, LLC ("***DREI***" or "***Defendant***") and submits its Answer in response to the Petition filed by Plaintiff Palisades TC, LLC ("***Plaintiff***" or "***Palisades***") as follows:

**GENERAL DENIAL**

1. In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition, and demands strict proof thereof. Defendant further reserves the right to amend its Answer at a future date in accordance with the Texas Rules of Civil Procedure.

**SPECIFIC DENIAL**

2. Defendant specifically denies Plaintiff's allegation that all conditions precedent have been performed or have occurred.

## AFFIRMATIVE DEFENSES

3. Subject to and without waiving the foregoing general and specific denials, Defendant asserts the following affirmative defenses:

4. Plaintiff's claims are barred, in whole or in part, by waiver.

5. Plaintiff's claims are barred, in whole or in part, by ratification.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, including equitable estoppel, promissory estoppel, and quasi-estoppel.

7. Plaintiff's claims are barred, in whole or in part, by Plaintiff's prior material breach of the contract.

8. Plaintiff's claims are barred, in whole or in part, by illegality.

9. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

10. Plaintiff's claims are barred, in whole or in part, because the money paid to Five Star GM, LLC was a loan (rather than a capital contribution), which included usurious interest.

11. Plaintiff's claim for attorneys' fees is improper because, amount other reasons, Plaintiff is not entitled to recover attorneys' fees from Defendant under applicable law, including Chapter 38 of the Texas Civil Practice & Remedies Code.

## REQUEST FOR DISCLOSURES

12. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within 30 days of service of this request, the information described in Rule 194.2.

Dated: September 3, 2020.

Respectfully submitted,

By: */s/ Elizabeth Brandon*

Elizabeth Brandon (State Bar No. 24049580)
Bradley J. Purcell (State Bar No. 24063965)
**REED SMITH LLP**
2501 N. Harwood St, Ste. 1700
Dallas, TX 75201
T: 469.680.4200
F: 469.680.4299
ebrandon@reedsmith.com
bpurcell@reedsmith.com

*Attorneys for Defendant/Counter-Plaintiff Dallas Real Estate Investors, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above pleading was served on all counsel of record via electronic mail on this 3rd day of September 2020.

*/s/ Elizabeth Brandon*
Elizabeth Brandon

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shikendra Rhea on behalf of Elizabeth Brandon
Bar No. 24049580
Srhea@ReedSmith.com
Envelope ID: 45973994
Status as of 9/8/2020 8:34 AM CST

Associated Case Party: PALISADES TC LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Leslie RChaggaris | | leslie.chaggaris@rm-firm.com | 9/3/2020 5:55:08 PM | SENT |
| Joel WReese | | joel.reese@rm-firm.com | 9/3/2020 5:55:08 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| LaCrecia Perkins | | lperkins@winstead.com | 9/3/2020 5:55:08 PM | SENT |
| KASEY RATLIFF | | kratliff@winstead.com | 9/3/2020 5:55:08 PM | SENT |
| Bradley Purcell | | BPurcell@reedsmith.com | 9/3/2020 5:55:08 PM | SENT |
| Charletta Dawson | | CDawson@reedsmith.com | 9/3/2020 5:55:08 PM | SENT |
| Shikendra Rhea | | SRhea@reedsmith.com | 9/3/2020 5:55:08 PM | SENT |
| Viviana Valencia | | vvalencia@reedsmith.com | 9/3/2020 5:55:08 PM | SENT |

Associated Case Party: DALLAS REAL ESTATE INVESTORS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elizabeth Brandon | | EBrandon@reedsmith.com | 9/3/2020 5:55:08 PM | SENT |

FILED
10/27/2020 1:51 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Dorothy Strogen DEPUTY

**NO. DC-20-06005**

| | | |
|---|---|---|
| **PALISADES TC, LLC, individually and on behalf of DALLAS REAL ESTATE LENDERS, LLC.,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| **DALLAS REAL ESTATE INVESTORS, LLC and TIMOTHY BARTON, individually,** | § | |
| **Defendants.** | § | **298TH JUDICIAL DISTRICT** |

**DEFENDANT TIMOTHY BARTON'S SPECIAL EXCEPTIONS, ORIGINAL ANSWER AND RULE 194 REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Timothy Barton (herein, called "**Barton**"), named as a Defendant in the above entitled and numbered cause, and files this, his Special Exceptions, Original Answer and Rule 194 Request for Disclosure, to Plaintiff's, Palisades TC, LLC, Original Petition and would respectfully show and state as follows:

## I

## SPECIAL EXCEPTIONS

1. Barton specially excepts to the information contained in paragraphs 19, 20, 21 and 22 of Plaintiff's Original Petition about a purported breach by Barton of certain documents, as any such distributions under either of the referenced Company Agreements are to be based upon "Distributable Cash," and no such "Distributable Cash" existed on the dates alleged.

2. Barton specially excepts to statements in paragraph 26 of Plaintiff's Original Petition, as all of such financial and accounting records requested by Plaintiff have been provided or made available to Plaintiff.

3. Barton requests the Court sustain the two special exceptions and enter an order dismissing Plaintiff's Original Petition as to Barton.

**II**

**SPECIFIC DENIAL**

4. Without waiving the foregoing Special Exceptions, Barton denies that any controversy exists between Plaintiff and Barton that is the subject of Plaintiff's Original Petition. Upon information and belief, Plaintiff, Palisades TC, LLC, and its sole member, Joaquin C. DeMonet, seek to convert an unsecured advance of funds into control of the "**Frisco Project**" (as that term is defined in paragraph 11 of Plaintiff's Original Petition).

**III**

**GENERAL DENIAL**

5. Without waiving the foregoing Special Exceptions or Specific Denial, Barton generally denies all of the allegations, to the extent any are really made, against Barton in Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction and, pursuant to Rule 92 of the Texas Rules of Civil Procedure, demands strict proof thereof.

**IV**

**AFFIRMATIVE DEFENSES**

6. Subject to and without waiving the foregoing Special Exceptions, Specific Denial or General Denial, Barton asserts the following affirmative defenses:

(a) All conditions precedent have not been performed or occurred as alleged by Plaintiff.

(b) Plaintiff's claims are barred, in whole or in part, by waiver.

(c) Plaintiff's claims are barred, in whole or in part, by ratification.

(d) Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, including equitable estoppel, promissory estoppel and quasi-estoppel.

(e) Plaintiff's claims are barred, in whole or in part, by Plaintiff's prior material breach of the alleged contract.

(f) Plaintiff's claims are barred, in whole or in part, by illegality.

(g) Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages, if any.

(h) Plaintiff's claims are barred, in whole or in part, because the money advanced to Five Star GM, LLC was a loan (even though purportedly cast as a capital contribution), which included usurious interest.

(i) Plaintiff's claim for attorneys' fees is improper for, among other reasons, the fact that Plaintiff is not entitled to recover attorneys' fees from Defendants under applicable law, including Chapter 38 of the Texas Civil Practice & Remedies Code.

**V**

**REQUEST FOR DISCLOSURE**

7. Barton requests that, within thirty (30) days of service of this request, the Plaintiff disclose all informational materials described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

**VI**

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Barton requests that this Court enter an order dismissing Plaintiff's Original Petition and awarding Barton his attorneys' fees and costs in defending this action and awarding Barton any and all other and further relief to which Barton may show himself justly entitled.

DATED: October 27, 2020

Respectfully submitted,

Steven C. Metzger
State Bar No. 13982500
Metzger Law PLLC
3626 N. Hall Street, Suite 800
Dallas, Texas 75219-5133
Tel: 214-740-5030
Fax: 214-224-7555
Email: smetzger@pmklaw.com

ATTORNEY FOR DEFENDANT, TIMOTHY BARTON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above pleading was served on all counsel of record via electronic mail on this 27 day of October, 2020.

/s/ Steven C. Metzger
Steven C. Metzger

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Judy Lederman on behalf of Steven Metzger
Bar No. 13982500
jlederman@pmklaw.com
Envelope ID: 47563755
Status as of 10/28/2020 1:38 PM CST

Associated Case Party: TIMOTHY BARTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Steven C. Metzger | 13982500 | smetzger@pmklaw.com | 10/27/2020 1:51:44 PM | SENT |

Associated Case Party: DALLAS REAL ESTATE INVESTORS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert F. Kemp | 11256400 | Lawyerkemp@cs.com | 10/27/2020 1:51:44 PM | SENT |
| Elizabeth Brandon | | EBrandon@reedsmith.com | 10/27/2020 1:51:44 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| LaCrecia Perkins | | lperkins@winstead.com | 10/27/2020 1:51:44 PM | SENT |
| KASEY RATLIFF | | kratliff@winstead.com | 10/27/2020 1:51:44 PM | SENT |
| Bradley Purcell | | BPurcell@reedsmith.com | 10/27/2020 1:51:44 PM | SENT |
| Charletta Dawson | | CDawson@reedsmith.com | 10/27/2020 1:51:44 PM | SENT |
| Shikendra Rhea | | SRhea@reedsmith.com | 10/27/2020 1:51:44 PM | SENT |
| Viviana Valencia | | vvalencia@reedsmith.com | 10/27/2020 1:51:44 PM | SENT |

Associated Case Party: PALISADES TC LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Leslie RChaggaris | | leslie.chaggaris@rm-firm.com | 10/27/2020 1:51:44 PM | SENT |
| Joel WReese | | joel.reese@rm-firm.com | 10/27/2020 1:51:44 PM | SENT |

Cause No. DC-20-06005

| | | |
|---|---|---|
| **PALISADES TC, LLC, INDIVIDUALLY, AND ON BEHALF OF DALLAS REAL ESTATE LENDERS, LLC,** | § | **IN THE DISTRICT COURT OF** |
| **PLAINTIFF,** | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| **DALLAS REAL ESTATE INVESTORS, LLC AND TIMOTHY BARTON, INDIVIDUALLY,** | § | |
| **DEFENDANTS.** | § | **298TH JUDICIAL DISTRICT** |

**ORDER GRANTING EMERGENCY MOTION TO QUASH AND REQUEST FOR PROTECTIVE ORDER**

On this day came on for consideration the Motion to Quash Informal Discovery Requests and (the "***Motion***") filed by Defendant Dallas Real Estate Investors, LLC ("***DREI***" or "***Defendant***").

Having considered the Motion, the pleadings, and the arguments of counsel, the Court is resolved that the Motion should be GRANTED.

The Court finds that the Notice of Special Meeting Dallas Real Estate Lenders, LLC (attached as Exhibit 2 to the Motion) (the "***Notice***") is an attempt to improperly circumvent Texas Rule of Civil Procedure 196.

The Court, therefore, quashes the Notice and holds that it has no force or effect.

**IT IS THEREFORE ORDERED** that the Motion is granted.

**IT IS FURTHER ORDERED** that the Notice has no force or effect.

Signed this 11th day of June 2020.

[signature]

JUDGE PRESIDING

**Cause No. DC-20-06005**

| | | |
|---|---|---|
| **PALISADES TC, LLC, INDIVIDUALLY, AND ON BEHALF OF DALLAS REAL ESTATE LENDERS, LLC,** | § | **IN THE DISTRICT COURT OF** |
| **DEFENDANTS,** | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| **DALLAS REAL ESTATE INVESTORS, LLC AND TIMOTHY BARTON, INDIVIDUALLY,** | § | |
| **DEFENDANTS.** | § | **298TH JUDICIAL DISTRICT** |

**ORDER GRANTING MOTION TO WITHDRAW**

CAME ON FOR CONSIDERATION, Elizabeth Brandon, Bradley J. Purcell, and the law firm of Reed Smith, LLP's ("***Movants***") Motion to Withdraw as counsel of record for Dallas Real Estate Investors, LLC ("***Defendant***").

The Court finds and concludes that the Motion should be GRANTED.

IT IS THEREFORE ORDERED:

That Elizabeth Brandon and Bradley Purcell and the law firm of Reed Smith, LLP are hereby withdrawn as Defendant's attorneys-of-record in this proceeding.

SO ORDERED this 17 day of September, 2020.

[signature]

JUDGE PRESIDING

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shikendra Rhea on behalf of Elizabeth Brandon
Bar No. 24049580
Srhea@ReedSmith.com
Envelope ID: 45975713
Status as of 9/8/2020 8:52 AM CST

Associated Case Party: PALISADES TC LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joel WReese | | joel.reese@rm-firm.com | 9/3/2020 8:18:26 PM | SENT |
| Leslie RChaggaris | | leslie.chaggaris@rm-firm.com | 9/3/2020 8:18:26 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| LaCrecia Perkins | | lperkins@winstead.com | 9/3/2020 8:18:26 PM | SENT |
| KASEY RATLIFF | | kratliff@winstead.com | 9/3/2020 8:18:26 PM | SENT |
| Bradley Purcell | | BPurcell@reedsmith.com | 9/3/2020 8:18:26 PM | SENT |
| Charletta Dawson | | CDawson@reedsmith.com | 9/3/2020 8:18:26 PM | SENT |
| Shikendra Rhea | | SRhea@reedsmith.com | 9/3/2020 8:18:26 PM | SENT |
| Viviana Valencia | | vvalencia@reedsmith.com | 9/3/2020 8:18:26 PM | SENT |

Associated Case Party: DALLAS REAL ESTATE INVESTORS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elizabeth Brandon | | EBrandon@reedsmith.com | 9/3/2020 8:18:26 PM | SENT |

NO. DC-20-06005

| | | |
|---|---|---|
| PALISADES TC, LLC, individually and on behalf of DALLAS REAL ESTATE LENDERS, LLC, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| DALLAS REAL ESTATE INVESTORS, LLC and TIMOTHY BARTON, | § | |
| Defendants. | § | 298TH JUDICIAL DISTRICT |

**ORDER ON MOTION TO QUASH NONPARTY SUBPOENA TO AT&T AND/OR MOTION FOR PROTECTIVE ORDER**

On October 30, 2020, came on for consideration Defendant Timothy Barton's Motion to Quash Nonparty Subpoena to AT&T and/or Motion for Protective Order (the "Motion"), filed on behalf of Defendant, Timothy Barton. Having considered the Motion, the pleadings and the arguments of counsel, the Court is of the opinion that the Motion should be GRANTED in part and DENIED in part.

**IT IS THEREFORE ORDERED** that the Motion is GRANTED to the extent that the Subpoena seeks text logs for 214-673-8714, which shall not be produced;

**IT IS THEREFORE FURTHER ORDERED** that the Motion is DENIED to the extent that the Subpoena seeks any and all call logs relating to the phone number 214-673-8714 for period from December 10, 2019 through December 17, 2019, which shall be produced;

**IT IS THEREFORE FURTHER ORDERED** that any telephone numbers or other information produced pursuant to the Nonparty Subpoena to AT&T are subject to a Protective Order and may not be used by Plaintiff and its counsel for any purpose other than in connection with Defendants' Motion to Disqualify and/or Plaintiff's Motion for Sanctions filed in this case. Plaintiff and its counsel shall not use any information therein for any purpose other than in

connection with this proceeding and shall not disclose or otherwise disseminate information received from AT&T to anyone other than the Court in connection with this proceeding or otherwise. Plaintiff and its counsel agree that they not use the information produced by AT&T to randomly contact individuals who are not parties to this case. To the extent that the information produced by AT&T in response to the subpoena is filed with the Court, Plaintiff and its Counsel shall redact all numbers other than those belonging to Mr. Barton and/or Melanie Bonvicino; otherwise, Plaintiff and its counsel shall file the information under seal.

SIGNED this 13 day of November, 2020.

Emily H-Tobolowsky

Judge Presiding

AGREED AS TO FORM:

*/s/ Steven C. Metzger*
Steven C. Metzger
State Bar No. 13982500
Metzger Law PLLC
3626 N. Hall Street, Suite 800
Dallas, Texas 75219-5133
Tel: 214-740-5030
Fax: 214-224-7555
Email: smetzger@pmklaw.com

ATTORNEY FOR TIMOTHY BARTON

*/s/ Leslie Chaggaris*
Joel W. Reese
State Bar No. 00788258
Email: joel.reese@rm-firm.com
Leslie Chaggaris
State Bar No. 24056742
Email: leslie.chaggaris@rm-firm.com
750 N. St. Paul Street, Suite 600
Dallas, Texas 75201-3201
Tel: 214-382-9810
Fax: 214-501-0731

ATTORNEYS FOR PALISADES TC, LLC

*/s/ Robert F. Kemp*
Robert F. Kemp
State Bar No. 11256400
2815 Valley View Lane, Suite 202
Dallas, Texas 75234
Tel: 214-526-9601
Fax: 214-526-2156
Cell: 214-356-0624
Email: lawyerkemp@cs.com

ATTORNEY FOR DALLAS REAL ESTATE INVESTORS, LLC