**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PALISADES TC, LLC individually and on behalf of DALLAS REAL ESTATE LENDERS, LLC,** | § | |
| **Plaintiffs,** | § | **Cause No. 4:21-cv-00947-P** |
| v. | § | |
| **DALLAS REAL ESTATE INVESTORS, LLC et al.,** | § | |
| **Defendants.** | § | |

**JOINT STATUS REPORT**

Pursuant to the Court's August 31 Order (Doc. 7), the parties jointly report as follows:

**IMPORTANT NOTICE**: On June 22, 2021, DREI filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, under Cause No. 21-41488-ELM11. On August 24, 2021, Defendant Palisades TC, LLC filed a Motion to Convert Bankruptcy Case to Chapter 7 or Dismiss for Cause under Section 1112(b) of the Bankruptcy Code. The motion is set for hearing on September 28, 2021 at 9:30 AM. If the case is converted to a Chapter 7 proceeding or if the dismissed, the case could impact the jurisdiction of this Court and how the claims against DREI should be resolved.

**1. Description of the parties' conference.**

Counsel for Plaintiff, Joel Reese, conferred with counsel for Defendants, Steven Metzger, Robert F. Kemp and Joyce Lindauer (by telephone), on September 20, 2021, at the offices of Mr. Metzger. No others were present. The parties discussed the settlement agreement that was pending at the time Dallas Real Estate Investors, LLC ("DREI") filed for Chapter 11 bankruptcy. If DREI is not able to fund the settlement under the terms of the settlement, Palisades believes that there is little prospect for settlement. Such settlement also includes a related matter, *Palisades TC LLC v. Five Star MM LLC and Timothy Barton*, just removed on September 20, 2021, under Case No. 4:21-cv-1065-P.

**2. Brief statement of claims and defenses.**

Plaintiff alleges that DREI and its principal, Timothy Barton, fraudulently induced Plaintiff to contribute $3.5 million into an alleged hotel development project in Frisco, Texas. Plaintiff also contends that DREI breached the underlying Company Agreement by failing to make required payments under the Company Agreement, failing to provide required information and documents



G:/01/SCM/JMJ Dev/Palisades/DREI/Pldgs/Joint Status Report (v2).docx

to the Plaintiff, and failing to cooperate with Plaintiff in exercising its right to sell the subject property. Defendants deny all claims. Defendants have been seeking takeout financing to pay off Palisades the settlement amount.

**3. Proposed time limit to amend pleadings and join parties.**

November 15, 2021.

**4. Proposed time limit to file various types of motions, including dispositive motions.**

June 1, 2022

**5. Proposed time limit for initial designation of experts and responsive designation of experts.**

April 30, 2022

**6. Proposed time limit for objections to experts (*i.e.*, *Daubert* and similar motions).**

June 1, 2022

**7. Proposed plan and schedule for discovery.**

Note: Needs to include (1) a statement of the subjects on which discovery may be needed, (2) a time limit for completing factual and expert discovery, and (3) a statement on whether discovery should be conducted in phases.

The parties propose a fact discovery deadline of April 1, 2022 and an expert discovery deadline of May 21, 2022. The parties do not believe discovery should be phased or limited to particular issues, other than the proposed separate deadlines for fact and expert discovery. In general, the parties expect to conduct discovery on the following subjects: (a) Defendants' agreements regarding the Frisco project and the Turtle Creek project; (b) Timothy Barton's other real estate projects; (c) origin of the Frisco project and the Turtle Creek project; (d) accounting and financial records related to the Frisco project and the Turtle Creek project; and (e) communications pertaining to the Frisco project and the Turtle Creek project, including those of principals and other interested persons.

Nothing in this list is intended to limit the scope of permissible discovery or waive a party's right to object to the scope of discovery sought by another party.

**8. Whether limitations on discovery are needed and, if so, any proposed limitations.**

None requested.

**9. How to disclose and conduct discovery on ESI and any disputes on disclosure or discovery of ESI.**

The parties propose the following protocol for the disclosure of ESI: Except as set forth below for native documents, ESI shall be produced as single-page, uniquely and sequentially numbered PDF

or TIFF files. The PDF/TIFF files shall contain searchable text generated using Optical Character Recognition ("OCR"). The files shall be named to match the endorsed number assigned to the image of the first page of the document. The producing party shall also provide a litigation support database load file corresponding to the PDF/TIFF files, which shall contain the metadata, as reasonably available, including, but not limited to, information pertaining to the "To:," "From:," "cc:," "Subject:," and "Date:" fields. The PDF/TIFF files shall also be accompanied by a cross-reference file in the format requested by each party providing the beginning and ending endorsed number of each document and the number of pages it comprises. There is no obligation on a party to create metadata where none exists. Spreadsheets shall be produced solely as native files with a placeholder PDF/TIFF file showing the document Bates Number and stating "Produced in Native Format." The database load files will include a link to the NativeFile field, along with extracted text. The parties may also request and/or agree to produce other types of ESI in native format.

The parties will work together to develop search parameters, including custodians, terms, and date restrictions for each party's ESI collection.

**10. Any proposals regarding handling and protection of privileged or trial-preparation material that should reflected in a Court Order.**

The parties intend to seek a Protective Order under Federal Rule of Evidence 502(d) to prevent the waiver of privileged and protected material. The parties also propose that a producing party need not include communications with outside counsel on a privilege log. The parties also anticipate agreeing to snap-back procedures for inadvertently produced materials, to be included in their Agreed Protective Order.

**11. Proposed trial date, estimated number of days for trial, and whether a jury has been demanded.**

August 29, 2022. Jury was demanded at state court level; at least two days for trial.

**12. Proposed mediation deadline.**

February 28, 2022. The parties have already engaged in extensive settlement negotiations and signed one settlement agreement. Additional mediations and settlement discussions are unlikely to produce any additional results.

**13. When and how disclosures under Fed. R. Civ. P. 26(1) were made or will be made.**

Disclosures under Fed. R. Civ. P. 26(1) will be made on or before November 15, 2021.

**14. Whether parties consent to trial before United States Magistrate Judges Cureton or Ray.**

The parties do not consent.

**15. Whether a conference with the Court is required and, if so, a brief explanation why.**

No conference is required.

**16. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial, and any other orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c), and 26(c).**

None.

Respectfully submitted,

By: *<u>/s/ Joel W. Reese</u>*
Joel W. Reese
Texas Bar No. 00788258
joel.reese@rm-firm.com

**REESE MARKETOS LLP**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201

By: /s/Joyce W. Lindauer
Joyce W. Lindauer
Texas Bar No. 21555700
Kerry S. Alleyne
Texas Bar No. 24066090
Guy H. Holman
Texas Bar No. 24095171

**Joyce W. Lindauer, Attorney, PLLC**
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Fax: (972) 503-4034
Email: joyce@joycelindbauer.com

By: /s/Robert F. Kemp
Robert F. Kemp
Texas Bar No. 11256400
2815 Valley View Lane, Suite 202
Dallas, Texas 75234
Tel: 214-526-9601
Fax: 214-526-2156
Email: LawyerKemp@cs.com

*Attorneys for Dallas Real Estate Investors, LLC*

By: /s/Steven C. Metzger
Steven C. Metzger
Texas Bar No. 13982500
smetzger@pmklaw.com

**Metzger Law PLLC**
3626 N. Hall St., Suite 800
Dallas, Texas 75219
Tel: 214-740-5030
Fax: 214-224-7555
214-523-3838

*Attorney for Defendant Timothy Barton*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served on all counsel of record through the Court's electronic filing system.

Steven C. Metzger