Steven C. Metzger
Texas State Bar No. 139825600
Metzger Law PLLC
3626 N. Hall Street, Suite 800
Dallas, Texas 75219-5133
Telephone: 214-740-5030
Facsimile: 214-224-7555
Email: smetzger@pmklaw.com

*Attorney for Five Star MM, LLC and Timothy Barton*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**DALLAS REAL ESTATE INVESTORS, LLC,**<br><br>**Debtor** | § | **Case No. 21-41488**<br>**CHAPTER 11** |
| **PALISADES TC, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DALLAS REAL ESTATE INVESTORS, LLC, And TIMOTHY BARTON,**<br><br>**Defendants.** | § | **Adversary No. 21-04073-elm** |
| **PALISADES TC, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FIVE STAR MM, LLC and TIMOTHY BARTON,**<br><br>**Defendants.**<br><br>**And**<br><br>**FIVE STAR GM LLC,**<br><br>**Counter-Claimant,**<br><br>**v.**<br><br>**PALISADES TC, LLC,**<br><br>**Counter-Defendant.** | § | **Adversary No. 21-04061-elm** |

**RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE**

Five Star MM, LLC ("Five Star") and Timothy Barton ("Barton") (collectively, "Defendants") respond to Plaintiff's Motion to Consolidate ("Motion") the above styled cases as follows:

## I. SUMMARY

1. The two separate Adversary Cases that Palisades TC, LLC ("Palisades" or "Plaintiff") seeks to consolidate were removed from separate law suits filed in separate state district courts in which (i) the case against Dallas Real Estate Investors, LLC and Barton originated from an investment by Palisades into membership interest in an entity involved in a real estate transaction in Frisco, Collin County, Texas ("DREI Case") and (ii) the case against Five Star and Barton originated from an unrelated, separate investment by Palisades into a separate, unrelated membership interest in an entity involved in a real estate transaction that occurred over four months beforehand in Dallas, Dallas County, Texas ("Five Star Case"). The facts, Defendants and other entities, transections, timing, and governing documents in each case are quite different which should preclude these cases from being consolidated. The DREI Case and the Five Star Case are subject to a Settlement Agreement dated January 11, 2021, (the "Settlement Agreement"). This Bankruptcy Case was instituted June 22, 2021 and a Plan of Reorganization has been filed which includes the material terms of the Settlement Agreement. At the request of prior counsel for Palisades (who agreed that the Settlement Agreement is in place) a hearing on the Disclosure Statement has been deferred to October 5, 2022. Barton and other related entities on behalf of the Debtor and the owner of the Frisco Property have continue to fund payments to Lenders and as requested by Palisades have listed the Frisco Property for sale. Confirmation and Consummation of the Plan of Reorganization will solve all of Palisades claims rendering trial of both the DREI Case and the Five Star Case moot. Accordingly there is no need to attempt to consolidate these two separate cases.

## II. FACTS

2. Palisades filed its first lawsuit (referred to herein as the "Five Star Case") on its own behalf and on behalf of Five Star GM, LLC (without authority and which has not joined Plaintiff in this Motions) against Five Star MM, LLC and Timothy Barton. This case derives from an investment made by Palisades which was contributed to Five Star GM, LLC as part of a real estate acquisition in Dallas, Dallas County, Texas by 2999TC Acquisitions, LLC. As a result, Palisades is a member in Five Star GM, LLC along with another third party member, and Five Star MM, LLC serves as the managing member of the entity. Palisades is also a voting member in Five Star MM, LLC but has no equity.

3. Palisades filed its second lawsuit (referred to herein as "DREI Case") against DREI and Timothy Barton. This case derives from a completely separate investment by Palisades over four months later as part of a completely different real estate acquisition by a separate entity. FHC Acquisitions, LLC, which is owned by Dallas Real Estate Lenders, LLC ("DREL"). The members in DREL and DREI and Palisades who are both defined as the "voting members" and who both manage DREL.

4. Palisades bases its Motion on a few generalizations and conclusory statements which lack any factual or evidentiary support, and its arguments are based on several incorrect agreements at issue raise common issues of law and fact for the Court's consideration because their structure and language mirror one another" which not only lacks support but is factually incorrect.

5. The organizational structures involved in both transactions are different as described above including that the DREI Case involves a single company agreement as compared

to the Five Star Case which involves two company agreements. Thus, the transactions and cases obviously do not "mirror" one another.

6. The company agreements of both Five Star GM and Five Star MM (which are quite different from one another) which Plaintiff asserts were both breached by Five Star MM are completely different than the company agreement of DREL which Plaintiff asserts was breached by DREI. None of the agreements even share a common source document that may have been used as a template. Also, the terms of the agreements which define the distribution of proceeds to Palisades and the other members are materially different in both cases along with the remedies. In fact, Plaintiff asserts different types of alleged breaches of contract in each of the cases. Additionally, neither agreement is alleged to be breached by the same Defendant.

7. Palisades also asserts that both cases "seek the same/overlapping relief" which is not true because they do not specifically state such relief and only request boiler plate relief including actual damages, interest, and court costs which are asserted in just about every case – that does not mean such relief is "the same/overlapping."

8. Furthermore, Defendants assert certain counterclaims in the Five Star case where as there is no counterclaim in the DREI case which would only add to the complexity of consolidating the cases.

## III. <u>ARGUMENT AND AUTHORITIES</u>

9. On one hand, Palisades bases its argument to consolidate the cases on the current pleadings and then turns around and argues that the cases should be consolidated on a "forthcoming amended complaint" (singular) including general assertions which Plaintiff claims would be contained therein which hare not of record in either case and should be used as a basis for consolidation at least until it has been filed of record, and Defendant(s) have had the opportunity to respond, especially since Defendants are unable to determine whether such a future amended pleading would support consolidation or whether it

could even support not consolidating the two separate cases. For that reason alone, Plaintiff is unable to support this Motion.

10. Nonetheless, consolidation of these cases would not be proper or permissible as asserted in the Motion. Federal Rule of Civil Procedure 42(a) provides that if actions "involve a common question of law or fact," a Court may "consolidate the actions," but the Court must also consider factors such as whether the actions are pending before the same Court; whether the actions involve a common party; any risk of prejudice or confusion from consolidation; the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; whether consolidation will reduce the time and cost of trying the cases separately; and whether the cases are at the same stage of preparation for trial. See, e.g., *Harris v. Bexas Cnty.*, No. SA-08-CV-728-XR, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009) (quoting *Zolezzi v. Celadon Trucking Servs. Inc.*, No. H-08-3508, 2009 WL 736057, at *1 (S.D. Tex. Mar. 16, 2009). *Arnold & Co. v. David K. Young Consulting, LLC*, No. SA-13-CV-146-DAE, at *3-4 (W.D. Tex. Jan. 21, 2015)

11. The purpose of consolidation is to permit Courts "to expedite the trial and eliminate unnecessary repetition and confusion. "*Deviller v. Texas*, No. 3:20-CV-00223, at I102 (S.D. Tex. Jul. 30, 2021) quoting *DuPont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966). See also *Wilson v. Johns-Manville Sales Corp.*, 107 F.R.D. 250, 252 (S.D. Tex. 1985) (the purpose of consolidation is to allow district courts "to manage their dockets efficiently while providing justice to the parties"). *Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.* 712 F.2d 978, 989-990 (5th Cir. 1983).

12. In the current two separate cases that Plaintiff seeks to consolidate, there are no common questions of fact or law. The facts giving rise to both cases are completely separate and distinct and involve separate investments, separate agreement with different terms, separate transactions, separate entities (other than Palisades) and occurred at separate times. Likewise, these two separate cases will involve separate questions of law.

13. Furthermore, if these cases are consolidated it will not eliminate any confusion, and in fact, consolidation would likely cause even more confusion as the fact finder attempts to juggle and distinguish the facts, terms, transactions, and entities from one another. Each case is confusing enough without trying to insert a completely different transaction into the matter.

14. Additionally, there is no "risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately" because the facts are separate and any determination or ruling in one case will have no bearing or effect on the other case.

15. Because the facts are different and originate from different transactions and agreements, there would hardly be any judicial economy or reduction in cots or time by consolidating the cases because the same amount of work will have to be done whether the cases were tried separately or consolidated.

16. Finally and most importantly, consolidating these two separate cases would not be in the interest of justice and would only prejudice Defendants because Plaintiff would likely attempt to assert and impute the alleged bad acts of one Defendant onto the others and imply that if there was one breach or bad act in one case that there must be in both cases even though the cases are independent of one another.

## IV. PRAYER

17. For the foregoing reasons, Defendants respectively request that the Court deny Plaintiff's Motion to Consolidate the above cases and grant Defendants any further relief that they may be entitled.

Dated: September 21, 2022

Respectfully submitted,

/s/ Steven C. Metzger
Steven C. Metzger
Texas State Bar No. 139825600
Metzger Law PLLC
3626 N. Hall Street, Suite 800
Dallas, Texas 75219-5133
Telephone: 214-740-5030
Facsimile: 214-224-7555
Email: smetzger@pmklaw.com

**Attorney for Five Star MM, LLC and Timothy Barton**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 21, 2022, a true and correct copy of the foregoing document was served via the Court's ECF system upon the parties receiving electronic notice in this case.

/s/ Steven C. Metzger
Steven C. Metzger